JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Quality Logistics, Inc. appeals from a judgment rendered against it in the Cleveland Municipal Court in favor of plaintiff-appellee Midwest Fireworks Mfg. Co., Inc. in the amount of $6,000. For the following reasons, we reverse and remand.
 {¶ 2} Plaintiff, an importer and seller of fireworks, used defendant, a managing agent of Unaffiliated Shippers of America, to arrange the shipping and importation of fireworks from China. Plaintiff alleged that in March and April of 2000, two shipping containers were damaged in transit and that some of the fireworks were rendered unfit for sale or use.
 {¶ 3} On August 16 and 17, 2001, plaintiff filed two complaints against defendant for breach of contract in the small claims court. Each case alleged over $3,000 worth of damages; however, plaintiff waived all sums that might be owed over and above the $3,000 jurisdictional limit of the Cleveland Municipal Court Small Claims Division.
 {¶ 4} The cases were referred to a magistrate for hearing and resolution. On September 24, 2001, defendant filed motions to transfer the cases to the municipal court's regular docket and for discovery. These motions were denied on October 16, 2001. On October 23, 2001, the two cases were consolidated for hearing.
 {¶ 5} On December 11, 2001, the matter came on for trial during which both parties submitted evidence in support of their respective positions. A court reporter was not present during the trial.
 {¶ 6} On January 9, 2002, the magistrate issued his decision with findings of fact and conclusions of law in favor of plaintiff in the amount of $6,000. The magistrate found that the defendant had negligently breached the contract and failed to exercise due care in the shipping of plaintiff's merchandise.
 {¶ 7} On January 9, 2002, the trial court judge approved and confirmed the decision of the magistrate in favor of plaintiff.On January 18, 2002, defendant filed objections to the magistrate's decision. No transcript of the proceedings were attached to the objections; however, an affidavit was attached.On April 9, 2002, the trial court overruled defendant's objections. This appeal was timely filed with defendant raising five assignments of error.
 {¶ 8} "I. The municipal court abused its discretion in denying defendant's motion to transfer the case below to the court's regular docket and for leave to conduct discovery and to answer setting up affirmative defenses."
 {¶ 9} In the first assignment of error, defendant argues that the municipal court abused its discretion in failing to transfer the case to the regular docket. Defendant claims that the case presented complicated issues of federal law which required procedural devices, such as discovery, not available in small claims court. We agree.
 {¶ 10} R.C. 1925.10 provides for transfer of a small claim to the regular docket of the municipal court where certain conditions exist. Specifically, R.C. 1925.10(B) provides:
 {¶ 11} "(B) In the discretion of the court, a case duly entered on the docket of the small claims division may be transferred to the regular docket of the court upon the motion of a party against whom a claim, counterclaim, or cross-claim is instituted or upon the motion of a third-party defendant. A motion filed under this division shall be accompanied by an affidavit stating that a good defense to the claim exists, setting forth the grounds of the defense, and setting forth the compliance of the party or third-party defendant with any terms fixed by the court. The failure to file a motion under this division to transfer a case to the regular docket of the court constitutes a waiver by the party or third-party defendant of any right to a trial by jury."
 {¶ 12} Here, defendant complied with the requirements of R.C.1925.10. In defendant's motion to transfer the case, defendant averred that it had several good defenses to plaintiff's claims as well as set forth the grounds of those defenses. In particular, defendant alleged that this case, which deals with ocean carriage, is governed by the Carriage of Goods by Sea Act ("COGSA") and required extensive discovery to determine who was responsible for the carriage (Hyundai was the carrier of the fireworks) and whether the plaintiff had unreasonably waited for ten months to take delivery of the goods.
 {¶ 13} While this Court is mindful that the decision to transfer the case to the regular docket was discretionary with the trial court, we agree with the defendant that this case involves novel issues of law and that it was entitled to discovery mechanisms not ordinarily available in small claims court. Accordingly, we find that the case should have been transferred to the municipal court's general civil docket.
 {¶ 14} Defendant's first assignment of error is sustained. Given our disposition of this assignment of error, we do not find it necessary to address the remaining assignments of error. App.R. 12(A)(1)(c).
Judgment reversed and remanded.
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., and ANN DYKE, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. 112, Section 2(A)(1).